IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JACKSON DAVID SERRANO JACAMO,
          Petitioner,

v.                                                                          Civil No. 3:26cv254 (DJN)

JEFFREY CRAWFORD, *et al.*,
          Respondents.

**MEMORANDUM ORDER**
**(Granting 28 U.S.C. § 2241 Petition)**

Jackson David Serrano Jacamo ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission.  He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1 (("Petition" or "Pet.")), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE").[1]  Petitioner submitted his Petition against Jeffrey Crawford, ICA Farmville Detention Center and Russell Hott, ICE Washington Field Office (collectively, "Respondents").  In his Petition, Petitioner alleges that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act ("Ground One").  (Pet. at 6.)[2]  For the reasons set forth below, the Court GRANTS the Petition with respect to Ground One.  The Court ORDERS Respondents to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

---

[1]      The Court employs the pagination assigned by the CM/ECF docketing system.

[2]      Petitioner also alleges that his continued detention violates his due process rights under the Fifth Amendment.  (Pet. at 7.)  Because the Court grants Petitioner's Petition on statutory grounds, it need not address Petitioner's other arguments.

## I.    BACKGROUND

Petitioner provides very little information in his Petition.  Petitioner was taken into immigration custody on March 10, 2026, during an I-130 interview at an ICE office.  (Pet. at 7.)  Petitioner has an application for asylum pending.  (*Id.*)  In an Affidavit attached to his Supplement, Petitioner explains that he was first detained by ICE in August 29, 2022, after entering the United States.  (ECF No. 4-1 ("Aff.") at 1.)  In September 2022, he was released from custody, and he was authorized to move to Virginia and was provided with a reporting phone for check-ins.  (*Id.*)  Petitioner followed all instructions provided to him, and at some point, he was no longer required to report by phone.  (*Id.*)  After his green card interview, he was detained by ICE, because he purportedly had a court date in Texas that Petitioner did not know about.  (*Id.*)

On April 2, 2026, Petitioner filed his sworn Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court.  (ECF No. 1.)  Upon consideration of the Petition, it appeared to the Court that the factual circumstances and legal issues presented in the Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  (ECF No. 3.)  Accordingly, the Court issued a Memorandum Order directing Respondents to file within eleven (11) days a notice indicating that the factual and legal issues presented in this Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist.  (*Id.* at 1–2.)  The Court further noted that should Respondents confirm that there exist no material differences between this Petition and *Miranda Ortega*, prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions.  (*Id.*)  Respondents timely submitted their Notice to the

2

Court's Memorandum Order on April 21, 2026.  (ECF No. 5 ("Notice")).  Consistent with the

Court's Memorandum Order, Respondents recommended that the Court "incorporate the filings

in *Ortega Miranda* into the record of this habeas action."  (Notice at 1.)

## II.    STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the

Supreme Court, any justice thereof, the district courts and any circuit judge within their

respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that

the petitioner is in custody in violation of the Constitution or laws or treaties of the United

States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets

omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear

and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.    ANALYSIS

The central question posed in the Petition concerns whether Petitioner is entitled to a

discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory

detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  (Pet. at 6.)  In

opposition, Respondents support the Court's incorporation of the arguments and rationale

recently rejected in *Ortega-Miranda*, ECF No. 19.  (Notice at 1.)  Here, as in *Ortega-Miranda*,

Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory

detention provisions.  *See Ortega-Miranda*, ECF No. 14 at 5–22.

This Court has previously addressed several of the points contained in *Ortega Miranda*,

ECF No. 19, and maintains and incorporates that reasoning into this Memorandum Order.  That

same reasoning has been applied in many cases before courts in this District,[3] and where courts have required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.[4]

Petitioner has been present in the United States for several years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). Indeed, out of circuit precedent, though not binding on this Court, may be considered for its persuasive value. *See Folkes v. Nelsen*, 34 F.4th 258, 286 (4th Cir. 2022) (rejecting out of circuit precedent because it "provides no persuasive reasoning"). However, the Court declines to follow the majority's strained reasoning in both *Buenrostro-Mendez* and *Avila* and instead finds the dissents persuasive. In both opinions, the majority's conclusion rests largely on equating "applicant for admission" with "seeking

---

[3]   *See, e.g.*, *Ortega-Miranda*, 2026 WL 287179, at *9 n.9 (citing the many cases that have held the same).

[4]   *See, e.g.*, *Ortega-Miranda*, No. 3:25-cv-769, ECF No. 24 (E.D. Va. Feb. 10, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon et al.*, No. 1:25-cv-1587-LMB-LRV, ECF No. 20 (E.D. Va. Oct. 9, 2025) (same); *Campos-Flores v. Bondi*, No. 3:25cv797, ECF No. 20 (E.D. Va. Dec. 10, 2025) (released after satisfying bond of $10,000).

4

admission" and disregarding longstanding agency practice, an approach that conflicts with the Supreme Court's description of the statutory framework in *Jennings* and risks rendering significant portions of § 1226 superfluous. *See Avila*, 170 F.4th at 1135–37; *Buenrostro-Mendez*, 166 F.4th at 502–506. The Fifth Circuit's dissent persuasively explains these flaws and cautions against an interpretation that would dramatically expand mandatory detention without a clear statement from Congress. *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting) ("The majority stakes the largest detention initiative in American history on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained — some of them the spouses, mothers, fathers, and grandparents of American citizens. Straining at a gnat, the majority swallows a camel."). Accordingly, the Court declines to adopt the Fifth Circuit or the Eighth Circuit's reasoning.

## IV.    CONCLUSION

For the above reasons, the Court GRANTS Petitioner's Petition (ECF No. 1). The Court hereby ORDERS that:

1.    Respondents shall provide a copy of this Memorandum Order to Petitioner.

2.    Respondents shall provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Immigration Court shall provide Petitioner with the opportunity for a bond hearing before any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

3.    Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.    Respondents are ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing and before any hearing on the merits, stating whether

Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

5.      In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

6.      Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[5]

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date:  April 23, 2026

---

[5]      Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).

6